IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JEPHTE E. CASTILLO-HIRALDO,** <br><br> Plaintiff, <br><br> v. <br><br> **DELTA AIR LINES, INC.,** <br><br> Defendant. | **CIVIL NO. 15-1792 (PAD)** |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

This is an action arising out of a slip-and-fall incident in Kansas, filed by Mr. Jephte E. Castillo-Hiraldo under this court's diversity of citizenship jurisdiction (Docket No. 1). Before the court is "Delta Airlines, Inc.'s Motion for Change of Venue and Memorandum of Law in Support of it" (Docket No. 14). Plaintiff opposed the request (Docket No. 22), defendant replied (Docket No. 25) and plaintiff surreplied (Docket No. 29). For the reasons explained below, the motion is GRANTED and the case is transferred to the District Court of Kansas.

**I.     BACKGROUND**

Plaintiff alleges that upon deplaning from Delta Flight No. 2137 and arriving at the Wichita Dwight D. Eisenhower National Airport in Kansas, there was a "difference in elevation between the floor of the plane and the jet bridge" of which he was unaware (Docket No. 1 at ¶¶ 19-20). He mis-stepped and fell upon exiting the aircraft. He was injured, and required surgery and the installation of hardware to fix a broken humerus. Id. at ¶¶ 21, 31 and 84. In his view, the damages are the direct result of defendant's negligent acts and omissions in failing to "properly operate and maintain the jet bridges," and to inform him of the alleged "vertical gap" between the plane and the jet bridge. Id. at ¶¶ 70, 72, 74 and 85.

Delta moved to transfer the case to the District Court of Kansas under 28 U.S.C. § 1404(a) (Docket No. 14). Plaintiff opposed the request, claiming defendant only wishes to shift the inconvenience from one side to the other, an impermissible justification for a change of venue (Docket No. 22). Upon Delta's request, the case was stayed pending resolution of this matter (Docket No. 31).

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." Transfer determinations are fact-specific and depend on the particular circumstances of each case. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239 (1988); see also, Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000); Arroyo-Pérez v. Demir Group International, 733 F.Supp. 2d 314, 318-319 (D.P.R. 2010).

To that end, the court must consider: (1) the convenience of the parties and the witnesses, (2) the availability of documents, (3) the possibility of consolidation, and (4) the order in which the district court obtained jurisdiction. Albizu Rodriguez v. Carlos Albizu Univ., 585 F.Supp.2d 240, 244 n.3 (D.P.R. 2008); Coady, 223 F.3d at 11; Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). In the analysis, there is a strong presumption in favor of plaintiff's choice of forum. Coady, 223 F.3d at 11 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)); Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 13 (1st Cir. 2009). But "where transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same weight and in fact is given reduced significance." Arroyo-Pérez, 733 F.Supp.2d at 318 (quoting

Wine Markets Intern., Inc. v. Bass, 939 F.Supp. 178, 183 (E.D.N.Y. 1996)); Betancourt v. Wal Mart Stores, Inc., 2016 WL 80643, *3 (D.P.R. January 7, 2016).

### A. Convenience to Parties and Witnesses.

Plaintiff is a citizen and domiciled in Puerto Rico (Docket No. 1 at ¶ 2). Delta, in turn, is a Delaware corporation with principal place of business in Atlanta, Georgia (Docket No. 14, Exh. I "Statement Under Penalty of Perjury of Kiia E. Adams" at ¶ 3). It asserts that, with the exception of plaintiff, all of the *liability* witnesses – who are knowledgeable of the facts – are located outside of Puerto Rico.[1] Plaintiff does not contest Delta's factual representation, but claims that the District of Puerto Rico is the forum wherein he resides and works (Docket No. 22 at pp. 8-12), and that all but one of his *damages* witnesses are in Puerto Rico. Id. at pp. 8-10.[2]

---

[1] They are: (1) Cheryl Downey- Based in Wichita, KS (Wheelchair Agent who provided assistance to plaintiff); (2) Ramón Rivera- Based in Wichita, KS (Passenger Service Agent, who can testify about his knowledge and/or recollection concerning the real cause of the fall, including the fact that he translated for plaintiff as there was a language barrier in order to assist him; (3) Waylyn Pugh- Based in Wichita, KS (Ramp Agent. Mr. Pugh who can testify about his knowledge and/or recollection concerning the real cause of the fall, and the assistance provided to plaintiff); (4) Mónica L. Misskelley- Based in Memphis, TN (Flight attendant for Delta, and one of the flight attendants on board Delta Flight No. 2137 who can testify about her knowledge and/or recollection concerning the real cause of plaintiff's fall, and the assistance she provided to Castillo); (5) Mark R. McHugh- Based in Wichita, Kansas (Station Manager-ICT, who can testify about his knowledge and/or recollection concerning the real cause of plaintiff's fall, and about the documents and statements prepared in connection with this incident, including the Incident Report): (6) DeMetrice Carney- Based in Wichita, Kansas (Airport Agent or "Red Coat" agent, who can testify about her knowledge concerning the real cause of plaintiff's fall, the documents and statements prepared in connection with this incident, including the Incident Report and the booking information of Mr. Castillo for Flight No. 2137); (7) Jennifer Jones-Based in Wichita, Kansas (Passenger Service Agent, who can testify about the information contained in the company's records for this incident, and the fact that she personally delivered plaintiff's luggage at the Via Christi Hospital in Wichita, Kansas); (8) Steve Pylant- Based in Wichita, Kansas (Regional Safety Manager, who can testify about the information contained in Delta's records for this incident, the real cause of the fall, and the luggage's delivery); (9 and 10) Dave Gordon and Edelmira Jakubiec- both based in Wichita, Kansas, who are Supervisors who can testify about their visit to plaintiff while he was receiving medical attention at the Via Christi St. Francis Hospital in Wichita, and their conversations with him; (11) EMTs or paramedics from Sedgwick County Emergency Medical Services- based in Kansas, who assisted plaintiff can testify about the emergency treatment received by plaintiff at the scene of the incident; (12) Police Officer W. Crebs and/or Wichita Police Lieutenant- based in Kansas, who responded to the incident report, took statements from witnesses and created an official police report, Case No. 14C64003; (13) Plaintiff's Treating Physician(s) while in Kansas- Based in Wichita, Kansas; and (14) Personnel from the Wichita National Airport in charge of the Jet Bridge- Based in Wichita, Kansas, in charge of placing and connecting the jet bridge at issue.

[2] See, Plaintiff's list of witnesses at Docket No. 22, pp. 9-10 which includes: (1) plaintiff himself; (2) Jephte Castillo (who will testify about the physical pain, hardships and other consequences of the injury to plaintiff's daily life, as respects their daily home routine, difficulties experienced with missed workdays and limited economic resources, among other damages); (3) Cruz M. Hiraldo (same); (4) Griselle E. Castillo (who will testify as to the help she provided when plaintiff was injured, driving and accompanying him to appointments when he could not drive and doing many of the daily chores he was unable to do); (4) Leila Castillo (who will testify as to the help she provided during plaintiff's recovery process, driving and accompanying him to appointments when he could not drive and lending him money to cover for the unexpected expenses resulting from his injury; (5) Dr. Raul Roura (plaintiff's orthopedist, who has been providing follow-up treatment since his return to P.R. from Kansas in October 2014; (6) Dr. Lizette Rodriguez (plaintiff's physical therapist since his return to P.R.); (7) Ms. Windy Pérez, (Claro PRT's

Other than the fact that plaintiff resides in Puerto Rico, there is no link between the alleged events in support of plaintiff's liability theory and Puerto Rico. Most, if not all, of the relevant events occurred in Kansas. And that all of plaintiff's witnesses are in Puerto Rico is of not great significance for purposes of this evaluation because they are *damages* witnesses, not liability ones. See, Ramsey v. Fox News Network, LLC, 323 F.Supp.2d 1352, 1356-1357 (N.D. Georgia 2004)(when considering a transfer of venue, the key witnesses are those which have information regarding the *liability* of defendant); Matt v. Baxter Healthcare Corp., 74 F.Supp.2d 467, 470 (E.D.Pa. 1999)(liability witnesses accorded more weight than damages witnesses).³ The reason is simple: without liability, there are no damages to recover. Kahhan v. City of Fort Lauderdale, 566 F.Supp. 736, 739 (E.D.Pa.1983)(so noting). In consequence, the convenience of both the parties and the witnesses strongly favors a transfer to the District of Kansas.

### B.   The Availability of Documents.

Delta states that almost all of the documents to be used at trial originated or were created in Wichita, Kansas (Docket No. 14 at pp. 11-12). Among those documents are passengers' records, customer service records, police reports, and hospital reports and records. Id. at p. 11. These documents may have to be authenticated, for which a custodian or another qualified witness – who will most likely reside in Kansas – which makes Puerto Rico inappropriate to hear this case. Plaintiff does not challenge Delta's representation. He, however, argues that Delta ignores that records of his long-term medical treatment and employment are in Puerto Rico (Docket No. 22 at

---

Supervisor who interviewed plaintiff in matters related to his leave from work the months following the accident and surgery and changes in work schedule; and (8) Ms. Luz Marie Martinez (Claro PRT's benefits department who was involved in required work leaves and other benefits). All of them live in Puerto Rico.

³ See also, Kahhan v. City of Fort Lauderdale, 566 F.Supp. 736 (E.D.Pa.1983)(where almost all liability witnesses were located in Florida, convenience of witnesses' factor in determining whether to grant motion for transfer weighed heavily in favor of transfer from Pennsylvania to Florida, even though most damages witnesses would be inconvenienced by Florida trial); Matt v. Healthcare Corp., 74 F.Supp.2d 467, 470 (E.D. Pennsylvania 1999)(convenience of damages witnesses is accorded less weight than that of a liability witnesses);

pp. 12-13). Yet documents may be scanned and transported more easily today than in the past because "most records and documents now. . . exists in miniaturized or electronic form." Canatelo, LLC, 959 F.Supp.2d at 224 (quoting Boateng v. Gen, Dynamics Corp., 460 F.Supp.2d 270, 276 (D. Mass. 2006)(internal citations omitted)); Arroyo-Pérez, 733 F. Supp.2d at 321). That being so, the documents inquiry is neutral here.

### C. Other factors

The third and fourth factors – possibility of consolidation and the order in which jurisdiction was obtained – have no particular significance, for the parties have not made any allegation regarding an action involving the same incident filed in the District of Kansas. That said, plaintiff asks the court to evaluate a final factor: his financial capacity. He complains that the cost of litigating in Kansas will "likely be prohibitive," given his income and financial responsibilities (Docket No. 22 at p. 17), and argues that Delta can use its own business and resources to transport their witnesses at trial in Puerto Rico. Id. Delta points out that plaintiff has not shown that transfer would be unduly burdensome to his finances (Docket No. 25 at p. 9), and maintains that nothing prevents his Puerto Rico-based counsel from identifying and associating qualified Kansas counsel.

Courts have recognized that "[w]here a disparity exists between the means of the parties, such as in the case of an individual suing a large corporation, the court may consider the relative means of the parties in determining where a case should proceed." 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F.Supp. 128, 135 (S.D. New York 1994)(internal citations omitted). But where proof of such disparity is not adequately provided, this is not a significant factor. Zaltz v. JDATE, 952 F.Supp.2d 439, 463 (E.D. New York 2013)(internal citations omitted); see also Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F.Supp.2d 325, 331 (E.D.N.Y. 2006)("A party arguing for or against a transfer because of inadequate means must offer documentation to

Castillo-Hiraldo v. Delta Air Lines, Inc.
Civil No. 15-1792 (PAD)
Opinion and Order
Page 6

show that transfer (or lack thereof) would be unduly burdensome to his finances" (citation and internal quotation marks omitted)).

Even though plaintiff submitted an Unsworn Statement Under Penalty of Perjury (Docket No. 22, Exh. A) crediting that he works full time with Claro Puerto Rico, with a gross monthly income of $2,664.00, the statement does not support the contention that litigation in Kansas "is likely to be prohibitive," or that litigating in the District of Kansas will materially raise the financial burden that he has already agreed to undertake by litigating in this District. That he will be required to be away from his job during trial – if needed – can only be considered a normal incident to litigation. So the "relative" means factor does not tip the scale against transfer.

### III.   CONCLUSION

For the reasons stated, Delta has met its burden of overcoming the strong presumption in favor of plaintiff's choice of forum. For the same reason, the motion to transfer at Docket No. 22 is GRANTED. A transfer to the District of Kansas will follow.

**SO ORDERED**.

In San Juan, Puerto Rico, this 25th day of April, 2016.

> s/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO-HERNÁNDEZ
> United States District Judge